COLUMBIA & PULASKI TURNPIKE COMPANY *v.* HUGHES
*et al.*

(*Nashville.*   December Term, 1914.)

**STATUTES.**   Validity.   Enactment of "road law."   Extra session.

The governor's call for the first extra session of 1913, directed the attention of the legislature to the questions of the· road law from Maury county, the amendment of the act creating a turnpike commission for that county, and to the enactment of measures to enforce the criminal law relating to public nuisances.   Acts 1913 (1st Ex. Sess.), ch. 98, regulates the operation and condition of turnpike roads in counties having a population of not less than 40,450 inhabitants nor more than 40,475 inhabitants. *Held*, that the act was void, as it did not fall within the governor's call, notwithstanding the description by population fitted Maury county, for the expression "road law" has no relation to an act regulating turnpikes, and it could not be sustained as an act amending the act creating a turnpike commission; there never having· been any such act.

Acts cited and construed:   Acts 1913, ch. 98.

Case cited and approved:   State ex rel. v. Woollen, 128 Tenn., 456.

---

FROM MAURY.

---

Appeal from the Chancery Court of Maury County. —W. S. BEARDEN, Judge.

H. P. FIGUERS, W. S. FLEMING, V. H. & C. P. HATCHER, for appellant.

HUGHES & HUGHES, for appellees.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The bill was filed for the purpose of having declared unconstitutional chapter 98, Acts of 1913, First Extra Session. Several grounds are alleged, but we shall consider only one of them. This ground is that the act was not within the governor's call.

The act is entitled:

"An act to regulate the operation and condition of turnpike roads in counties having a population of not less than 40,450 inhabitants nor more than 40,475 inhabitants according to the federal census of 1910 or any subsequent federal census."

The act falls fairly within the title.

The governor's call was very long, embracing a large number of subjects. Of these our attention has been drawn by counsel to the following, only, as having any bearing on the question, viz.:

"74. Road law for Maury county."

"76. To amend the act creating a turnpike commission for Maury county."

"3. The following measures designed to strengthen the hands of the people, and the courts in the enforcement of the criminal laws. First, An act to define and more effectively provide for the abatement of public nuisances, particularly any business occupation, practice, or device, forbidden by the laws of the State."

It is manifest the act does not fall within any of the foregoing. It is true that the description by population fits Maury county, but the expression "Road law for Maury county" has no relation to an act for regulating turnpikes. The term "road law" has, by our statutes, acquired a well-known meaning applicable only to the general road system of a county. As to No. 76, it was not possible to "amend the act creating a turnpike commission for Maury county," for the reason that there was never any such act in existence. As to No. 3, and the subhead first thereunder, in the light of the current history of the State, as well as the specific language used, there can be no doubt that this referred to certain well-known public nuisances having no relation to turnpikes, and we are unable to perceive how the language quoted could have any bearing on the regulation of turnpikes. It is suggested that turnpikes badly out of repair are nuisances, and that from this standpoint the language may be held applicable. We think this is too remote. *State, ex rel., v. Woollen,* 128 Tenn., 456, 161 S. W., 1006.

It results that the demurrer must be overruled, the decree of the chancellor dismissed, and the cause remanded to the chancery court of Maury county for further proceedings. The defendants will pay the costs of this court and of the chancery court accrued up to this time.